UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                              :
PETER GITZIS, by guardian *ad litem* Irina                    :
Galanova, and IRINA GALANOVA,                                 :
                                                              :    **MEMORANDUM DECISION**
                                    Plaintiffs,               :    **AND ORDER**
                                                              :
              - against -                                     :    20-cv-1149 (BMC) (RLM)
                                                              :
PAMELA K. CHEN *et al.*,                                      :
                                                              :
                                    Defendants.               :
------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff *pro se* brings this action, individually and on behalf of her husband, Peter Gitzis,

for violations of the Americans with Disabilities Act of 1990 ("ADA"); 42 U.S.C. §§ 1981,

1982, 1985, and 1986; the Fourteenth Amendment; and New York state law.  Because this

complaint is both frivolous and duplicative of plaintiff's previous lawsuits, it is dismissed

without leave to amend.

## BACKGROUND

This is, at least, the sixth case brought by plaintiff in the last few years attempting to

undermine a state court's rulings concerning Gitzis's appointed guardians.  On February 28,

2020, I dismissed plaintiff's fifth lawsuit because it was "wholly without merit" and almost

completely "devoid of any non-conclusory allegations of wrongdoing."  On March 5, 2020,

Judge Chen instituted a filing injunction "barring Plaintiff Galanova from bringing additional

actions relating to the State Court's guardianship proceedings for Mr. Gitzis without first seeking

leave of the Court."  Because plaintiff filed this case on March 3, 2020, I analyze its merits

without regard for the subsequent injunction.

Peter Gitzis suffered a stroke in 2012, causing permanent functional deficiencies. Soon after, a social worker referred Gitzis to Adult Protective Services because of concerns that he was being financially exploited. Plaintiff had Gitzis's power of attorney and health care proxy, prompting the Commissioner of Social Services of the City of New York to initiate a guardianship proceeding. Plaintiff's power of attorney was suspended pending the outcome of the guardianship proceeding, but she continued to attempt to represent Gitzis anyway. In 2017, the state court appointed a Guardian of Property other than plaintiff. In 2019, the state court appointed a Guardian of Person other than plaintiff.

No fewer than six federal cases have followed, nearly all of which suffered from the same defects. First, plaintiff repeatedly attempted to represent Peter Gitzis, even though a non-attorney plaintiff may not litigate on someone else's behalf. Second, plaintiff brought claims under 42 U.S.C. §§ 1981 and 1982, which statutes address racial discrimination, yet she never alleged either her race or that she was discriminated against because of it. Third, plaintiff brought claims under 42 U.S.C. §§ 1985 and 1986, but she failed to allege that she was being discriminated against on any basis sufficient under those statutes. Fourth, although plaintiff continued to allege retaliation claims under the ADA, she never alleged that an adverse action was taken against her because of her participation in Gitzis's guardianship proceedings. On top of these categorical issues, plaintiff never averred facts that would tend to plausibly show that she was wronged under any other federal law.

In this case, plaintiff claims that the state court's appointment of "Defendant Nohznik as Guardian of Person . . . was obtained by fraud, conspiracy and misrepresentations of material facts." She arrives at this conclusion through allegations that "Defendants Schiffman, Fernandez and Latkovskaia violated 22 CRR-NY 202.3 and 22 CRR-NY 202.6" by not filing a request for

judicial intervention the first time they wanted the judge to take action in the case, as supposedly required by those statutes. Apparently on this basis alone, defendants Chen, Schiffman, Nozhnik, Portnoy, Isakov, Bon, Katayeva, Latkovskaia, Fernandez, Aghassi, Kest, 40-50 Brighton First Road Apartments Corp., Maimonides Medical Center, New York City Health and Hospitals Corporation, and Saints Joachim and Anne Nursing and Rehabilitation Center have violated the rights of plaintiff *pro se* and Peter Gitzis under the ADA; 42 U.S.C. §§ 1981, 1982, 1985, and 1986; the Due Process Clause of the Fourteenth Amendment, and N.Y. Social Services Law § 22.

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Additionally, even though federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); see Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990).

Even if a plaintiff has paid the filing fee, a court may *sua sponte* dismiss the case if it determines that the action is frivolous. See Fitzgerald v. First East Seventh St. Tenants Corp.,

221 F.3d 362, 363-64 (2d Cir. 2000). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

First of all, as plaintiff should know by now, she may not represent Mr. Gitzis in court because she is not a licensed attorney. See Lattanzio, 481 F.3d at 139. Moreover, plaintiff does not appear to allege any wrongdoing whatsoever on the part of defendants Chen, Portnoy, Isakov, Bon, Katayeva, Aghassi, Kest, 40-50 Brighton First Road Apartments Corp., Maimonides Medical Center, New York City Health and Hospitals Corporation, or Saints Joachim and Anne Nursing and Rehabilitation Center. Although most of these defendants play a role in plaintiff's recounting of the state court proceedings, I cannot discern in the slightest what, if anything, plaintiff believes they did wrong. Thus, I am unable to "draw the reasonable inference that [these defendants are] liable for" any misconduct. See Iqbal, 556 U.S. at 678. The claims against these defendants and all claims brought on behalf of Gitzis are therefore dismissed.

As for the remaining defendants – Nohznik, Schiffman, Fernandez and Latkovskaia – plaintiff alleges that the latter three conspired to fraudulently get Nohznik appointed as Gitzis's Guardian of Person. But plaintiff has merely pointed out her belief that these defendants ran afoul of a state procedural law (and a minor one, at that). However, this clearly does not amount to fraud, which in New York requires "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." See Eurycleia Partners, LP v. Seward & Kissel, LLP, 12 N.Y.3d 553, 559, 883 N.Y.S.2d 147, 150 (2009). Nor could these allegations, as they stand, state claims under the ADA; §§ 1981, 1982,

1985, 1986; or the Fourteenth Amendment for the same reasons that those claims failed in plaintiff's previously dismissed lawsuits.  Therefore, these claims are dismissed as well.

Plaintiff has a history of filing frivolous and vexatious lawsuits, and this case overwhelmingly mirrors those that came before it.  Because this is the sixth lawsuit that plaintiff has brought arising out of the same events, I will not permit her to amend this complaint.  Doing so would only further subject this Court and defendants to more unnecessary harassment and delay.  See Fed. R. Civ. P. Fed. R. Civ. P. 15(a)(2); Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000) (permitting courts to deny leave to amend where "there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility").

## CONCLUSION

The Clerk is directed to enter judgment, dismissing the case.  Although plaintiff paid the filing fee to commence this action, the Court certifies that an appeal from this Order would not be taken in good faith and thus *in forma pauperis* is denied should there be an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      March 8, 2020